UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**B.Y.O.B. INC.**,

Debtor.

Case No. **11-62347-11**

# MEMORANDUM OF DECISION

At Butte in said District this 1st day of August, 2012.

Pending in this Chapter 11 case is the Trustee's Motion for Order Approving Settlement (Docket No. 93) with the Montana Department of Revenue ("DOR"), filed on May 9, 2012, which provides for the sale by auction by the estate ("Agent") of a certain Montana Franchise Agreement, Agency Liquor Store #12 ("Agency Franchise Agreement"). The DOR filed a consent. An objection (Dkt. 105) to approval of the settlement was filed by creditors CYA, Inc. ("CYA") and David Stufft ("Stufft") on the grounds that the settlement's exclusion of Gildo, LLC ("Gildo") as a bidder is arbitrary and unjustified under the DOR's police powers. A hearing on this matter was held at Missoula on July 12, 2012. The Trustee Christy L. Brandon ("Brandon") appeared and presented testimony and Exhibit ("Ex.") 1 in favor of approval of the settlement. CYA and Stufft were represented by attorney Edward A. Murphy of Missoula. The DOR was represented by special assistant attorney general Keith A. Jones ("Jones"). At the conclusion of the parties' cases in chief the Court took the matter under advisement. After review of the record and consideration of the applicable factors for approval of settlements from *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir.), *cert. denied sub nom.*,

1

479 U.S. 854, 107 S.Ct. 189, 93 L.Ed. 2d 122 (1986), the Court overrules the objection and will grant the Trustee's Motion for approval of the settlement for the reasons set forth below.

This Court has jurisdiction in this chapter 11 case under 28 U.S.C. § 1334(a). Approval of the proposed settlement is a core proceeding under 28 U.S.C. § 157(b)(2).

In addition to the Trustee's representations to the Court in support of the settlement, the Trustee called Shauna Helfert ("Helfert"), Division Administrator, Liquor Control Division, of the DOR and Mickey Carlson ("Carlson"), Agency Liquor Store Specialist of the DOR, to testify. The proposed Settlement Agreement was admitted into evidence as Exhibit ("Ex.") 1. CYA and Stufft called Barbara M. Riley ("Riley") to testify.

## BACKGROUND FACTS & PROCEDURAL HISTORY

The Debtor filed a voluntary Chapter 11 petition commencing this case on December 23, 2011, and filed its Schedules and Statements on January 3, 2012. The DOR filed a motion to determine the applicability of the automatic stay with respect to its administration of the Agency Franchise Agreement. The Court held a hearing on the DOR's motion on expedited notice on January 12, 2012. Afterwards the Court granted the Debtor and DOR time to file briefs and an offer of proof and took the matter under advisement. By stipulation between the Debtor and U.S. Trustee, Brandon was appointed Chapter 11 Trustee on February 16, 2012.

On February 17, 2012, the Court entered a memorandum of decision (Dkt. 44[1]) and Order granting the DOR's motion. The Order (Dkt. 45) provides, "the proceedings in the Montana

---

[1] The memorandum of decision sets forth the background facts regarding the history of the Agency Franchise Agreement between the Debtor and DOR in DOR administrative proceedings, and the Debtor's appeal of adverse administrative decisions in the Montana Eleventh Judicial District Court, Flathead County, Cause No. 11-49.

2

Eleventh Judicial District Court, Flathead County, Cause No. DV-11-49, and DOR's other enforcement actions against B.Y.O.B., Inc., pursuant to the Montana Alcohol Beverage Code, are excepted from the automatic stay under 11 U.S.C. § 362(b)(4) as proceedings to enforce the DOR's police and regulatory power, in accordance with the DOR's Motion (Docket No. 7." No motion to reconsider or for relief from that Order, and no notice of appeal, have been filed.

The Court's discussion in the memorandum concluded with the following: "Therefore, this Court's decision that the DOR's enforcement actions are excepted from the stay under § 362(b)(4) does not deprive the Debtor of the opportunity to convince the state court that it should compel the DOR to accept a money satisfaction from the Debtor for its illegal violations instead of terminating the Agency Franchise Agreement." Dkt. 44, p. 13.

The claims register shows that 10 proofs of claim have been filed in this case. The DOR filed Proof of Claim No. 7 in the amount of $90,133.28, which is filed as a claim secured by setoff rights against reclaimable inventory under state law, MONT. CODE ANN. ("MCA") § 16-2-110. CYA filed an unsecured nonpriority claim in the amount of $2,000. The Estate of Donna Glantz filed Proof of Claim No. 10, signed by Jim Glantz, asserting a claim in the amount of $68,204.00. Glantz Family filed an unsecured claim in the amount of $177,434 based on a loan, also filed by Jim Glantz. CYA filed Proof of Claim No. 8 asserting a claim in the amount of $2,000, signed by Riley, who testified that CYA's claim is for help she gave the Debtor for tax consulting.

The Trustee filed the instant Motion for Order Approving Settlement (Dkt. 93) on May 9, 2012, with a copy of the Settlement Agreement, Ex. 1, attached. On page 4 Ex. 1 provides that the sale of the Agency Franchise Agreement will be accomplished by an auction conducted by

the Trustee within 120 days of entry of an order authorizing the sale and approving bidding procedures. Ex. 1 fixes the commission rate, sales volume discount and weighted average. Any bidders for the Agency Franchise Agreement are subject to approval by the DOR.

At page 5 Ex. 1 provides that the Agent will not assign the Agency Franchise Agreement, and will not consent to the Agency Franchise Agreement being place in use on a premises that is owed or leased by Jim Glantz, or any family member or related party of Jim Glantz, or any person or related party who has performed work as an employee or independent contract for Agency, Jim Glantz, or to any employee of Jim Glantz.

CYA and Stufft object to the Trustee's motion on the grounds that Ex. 1's exclusion of Gildo, LLC, CYA and its owner Terin Gilden, and her husband is arbitrary, and they should be entitled to bid for the Agency Franchise Agreement in amounts sufficient to pay all creditors.

The Trustee stated at the hearing that she concluded that, in her business judgment, that the Settlement Agreement is in the best interests of creditors and the estate. She stated that the estate has no assets or resources to pay an attorney to litigate the Debtor's appeal of the DOR's administrative decisions in state court, and that the state court cannot substitute its own judgment for the DOR's findings of fact. Brandon stated that the DOR presently has the right under the Agency Franchise Agreement to stop shipments of liquor, and to collect its inventory. Under Ex. 1, the Trustee has time to sell the Agency Franchise Agreement, and Brandon stated that she has had three (3) potential buyers contact her. Otherwise, the Trustee stated, the estate is at risk of losing its main asset, the Agency Franchise Agreement, and the liquor store as a going concern.

Helfert testified regarding the Debtor's violations of conditions of the Agency Franchise Agreement, including approximately $100,000 in arrears owed at the time the Trustee was

appointed. Helfert testified that if the Settlement Agreement is not approved the DOR will stop shipping liquor to the store, and will move to lift the stay in state district court and terminate the Agency Franchise Agreement. Afterward, the DOR would offer a new agency franchise agreement in a competitive bidding process. Helfert testified that the restrictions against CYA, employees and the Glantz family and related persons are material conditions to the DOR, that in their opinion "this store was toxic" and the DOR insists that any related party is excluded.

Carlson corroborated Helfert's testimony regarding the state court proceedings, and the Debtor's violations. She reiterated that the DOR will seek to lift the stay in the state district court and terminate the Agency Franchise Agreement if Ex. 1 is not approved.

The objecting creditors did not offer any evidence which controverts the DOR's witnesses' testimony that the Agency Franchise Agreement will be terminated in the state district court if the settlement in Ex. 1 is not approved. They argue, however, that the DOR's exclusion of them and relatives is arbitrary. This Court is not the proper forum for that argument.

Riley testified that her daughter Terin Gilden worked in the Debtor's liquor store only for 2 weeks to learn the routine, and that she and her husband Nathan Gilden are not parties and should not be excluded from bidding as "toxic persons." She testified that Gildo offers to purchase the Agency Franchise Agreement, if allowed, for $2.3 million and would operate it only until Nathan Gilden returns from military service. The Court asked DOR's counsel about whether Mr. Gilden would be excluded since he is not part of the Glantz family. Smith answered that the DOR would review his application and decide whether he is excluded.

## DISCUSSION

This Court addressed the test for compromise and settlement under F.R.B.P. Rule 9019(a)

in *In re Schrock*, 9 Mont. B.R. 414, 416-417 (Bank. D. Mont. 1991) as follows:

> "Although the bankruptcy court has great latitude in authorizing a compromise, it may only approve a proposal that is 'fair and equitable.'" *Woodson v. Fireman's Fund Ins. Co.*, 839 F.2d 610, 620 (9th Cir. 1988) (Citing *Martin v. Kane (In re A & C Properties)*, 784 F.2d1377, 1380-81 (9th Cir.) *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed. 2d 122 (1986). In evaluating a settlement, the Court must consider:
>
>> '(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views of the premises.' *A & C Properties*, 784 F. 2d at 1381.
>
> *Woodson*, 839 F. 2d at 620 (additional citation omitted).
> *See also In re MGS Marketing*, 111 B.R. 264 (9th Cir. BAP 1990). In addition to the four prong test set forth in *A & C Properties*, it is also well established that the law favors compromise. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976). In accordance with that principle, Bankruptcy Rule 9019(a) gives this Court broad authority to approve a compromise or settlement. *In re General Store of Beverly Hills*, 11 B.R. 539, 542 (9th Cir. BAP 1981). The determination of whether to approve a compromise or settlement is a matter within the sound discretion of this Court. *Providers Benefit Life Insurance Co. v. Tidewater Group, Inc.*, 13 B.R. 764, 765 (Bankr. N.D.Ga. 1981). *See also, In re Lions Capital Group*, 49 B.R. 163, 175-76 (Bankr. S.D. N.Y. 1985).

The first factor is probability of success in the litigation. The testimony of the DOR employees and the Trustee's statements firmly establish that the Trustee has little if any probability of success in the estate's appeal of the DOR's termination proceedings. Creditors' counsel Murphy argued that he "expected more" from the DOR than its arbitrary exclusion of the Glantz family, CYA and Gildo from bidding. That is little help to the Trustee in seeking to preserve the estate's largest asset which is in imminent danger of termination.

Recognizing that a risk always exists in litigation, the Court finds that the estate has no reasonable probability of success in the state district court litigation against termination of the

Agency Franchise Agreement.  The Court finds and concludes that the first *A & C Properties* factor weighs heavily in favor of approval of the settlement.

The second *A & C Properties* factor is the difficulties, if any, to be encountered in the matter of collection.  That factor is not applicable in this case.

The third *A & C Properties* factor to be considered is the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it.  The Court finds that this third factor also weighs in favor of approval of the settlement.  The Trustee has no assets to hire an attorney to represent the estate, and the estate has limited options in the appeal of the administrative decisions.  The litigation involving the DOR's oversight of the sale of liquor is complex, involving the DOR's police and regulatory power under the Montana Alcoholic Beverage Act.  While no evidence of delay exists, that is only because the state district court case is on the brink of decision which, in all likelihood, will result in termination of the Agency Franchise Agreement and loss of the estate's largest asset.

The fourth *A & C Properties* factor requires the Court consider the paramount interest of the creditors and a proper deference to their reasonable views of the premises.  The Trustee stated that she has 3 prospective purchasers of the Agency Franchise Agreement and that there is a reasonable likelihood that the sale proceeds would be sufficient to pay all claims in full.

Certain creditors object to approval of the settlement, while the DOR as a party consents.  However, this Court views the objections of CYA and Stufft as made by or on behalf of frustrated would-be bidders who are excluded from bidding under Ex. 1, not as creditors.  The evidence clearly shows that as creditors their best interests clearly lie in approval of the settlement and payment of their claims in full.  The evidence is uncontroverted that if the

settlement is not approved the DOR will seek immediate termination of the Agency Franchise Agreement. In that event the creditors will receive nothing.

Therefore, the Court finds that the creditors' paramount interest in receiving payment of their claims can only be realized by approval of the Settlement Agreement and clearing the way for the Trustee to auction and sell the Agency Franchise Agreement to the highest bidder[2]. The Court finds and concludes that the fourth *A & C Properties* factor weighs in favor of approval of the settlement.

The first, third and fourth *A & C Properties* factors weigh in favor of approving the settlement. The second factor is not applicable. Exercising its discretion, the Court therefore concludes that the proposed Settlement Agreement with the DOR is fair and equitable and satisfies Rule 9019(a).

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this Chapter 7 bankruptcy under 28 U.S.C. § 1334(a).

2. Approval of the proposed Settlement Agreement is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The Trustee satisfied her burden of proof under F.R.B.P. 9019(a) to show that the terms of the proposed Settlement Agreement with the DOR is fair and equitable and in the best interests of creditors and the estate, after consideration of the four factors identified in *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir.), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed. 2d 122 (1986).

---

[2]Nothing in this decision prohibits the Glantz family, Gildo, CYA or others from seeking relief against the DOR for arbitrary conduct or failure to comply with state law. Those claims are outside the jurisdiction of this Court.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above overruling the objections by CYA and Stufft, and granting the Trustee's Motion for Order Approving Settlement (Dkt. 93).

BY THE COURT

*Ralph B Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana